Filed 5/15/23  P. v. Green CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C097541 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F3028) |
| v. | |
| SHANE MICHAEL GREEN, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Shane Michael Green has asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

1

BACKGROUND

Defendant was charged with one count of assault with a deadly weapon (count 1), two counts of willful infliction of corporal injury on a cohabitant resulting in a traumatic condition (counts 2 and 3), one count of possession of methamphetamine (count 4), and one count of possession of drug paraphernalia (count 5). Among other things, defendant was also alleged to have been previously convicted of two serious or violent felony offenses, qualifying as "strikes" under the three strikes law. (Pen. Code, §§ 667, subds. (b)-(i), 1170.12.)

Defendant entered a plea of no contest to count 2 and admitted the two prior strike convictions. Pursuant to the terms of defendant's negotiated plea, the trial court dismissed the remaining charges and allegations with a *Harvey* waiver (*People v. Harvey* (1979) 25 Cal.3d 754) and sentenced him to a stipulated determinate term of eight years in state prison (middle term of four years, doubled due to one of the prior strikes). While the facts underlying defendant's conviction did not make their way into the appellate record, the parties stipulated that a factual basis could be found in Shasta County Sheriff's Office report no. 22F034321. Defendant also admitted his conduct violated the terms and conditions of his probation, which was previously granted in two misdemeanor cases; consequently, the court terminated probation in those cases. After sentencing defendant to the agreed-upon term of imprisonment, the court imposed various fines and fees, reserved ruling on the matter of victim restitution, and imposed other orders, including a criminal protective order restraining defendant from any contact with the victim for a period of 10 years.

Defendant appeals. He did not obtain a certificate of probable cause.

DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal.

2

(*People v. Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

### DISPOSITION

The judgment is affirmed.


_____/s/_____
Duarte, J.


We concur:



_____/s/_____
Hull, Acting P. J.



_____/s/_____
Earl, J.

3